# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID B. SMITH,
        Petitioner,

    v.                                    Case No. 97C0382

PHILLIP A. KINGSTON,[1]
        Respondent.

## DECISION AND ORDER

On June 30, 1999, I denied petitioner David Smith's petition for a writ of habeas corpus. Subsequently, I denied his motion for reconsideration under Federal Rule of Civil Procedure 59(e) and his motion for a certificate of appealability. Now more than five years later, petitioner has brought a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60. Additionally, he has brought a motion to amend that motion.

Substantive motions filed more than ten days after the entry of judgment are evaluated under Rule 60. Id. A "substantive" motion is one "that if granted would result in a substantive alteration in the judgment rather than just in a correction of a clerical error or in a purely procedural order such as one granting an extension of time within which to file something." Id. (internal quotation marks and citation omitted). The Supreme Court has held that a state prisoner cannot use Rule 60 to present to the district court "claims" for habeas relief. Gonzalez v. Crosby, 125 S. Ct. 2641 (2005). This is so because 28

---

[1] Phillip Kingston has replaced Gary McCaughtry as warden at Waupun Correctional Institution since this case was initiated. Thus, Kingston is now the proper respondent under Rule 2(a) of the Rules Governing Section 2254 Cases.

U.S.C. § 2244(b) forbids prisoners from filing second or successive applications for habeas relief absent the permission of the court of appeals, and allowing a prisoner to use Rule 60 would circumvent this requirement. However, a Rule 60 motion by a habeas petitioner is not a "claim" on the merits where the petitioner raises "some defect in the integrity of the federal habeas proceedings." Gonzalez, 125 S. Ct. at 2648. The Seventh Circuit has similarly stated that where "the state procured dismissal of a prisoner's first federal habeas corpus proceeding by making fraudulent representations to the district court," AEDPA would not preclude the petitioner from bringing a Rule 60 motion. Dunlap, 301 F.3d at 876 (7th Cir. 2002).

Petitioner's motion claims to raise a "defect in the integrity of the federal habeas proceedings" because during the proceedings, state officials hid that his appellate counsel had a conflict of interest,[2] misrepresented that petitioner's trial counsel was effective, and concealed that petitioner's victim had assaulted him. I will grant petitioner's motion to amend his motion, which provides information about his discovery of the conflict of interest claim. Petitioner's amended motion is just the sort of motion that Gonzalez determined should be treated as a second or successive petition. Petitioner's allegations do not actually speak to the integrity of his habeas proceedings, but are rather a thinly-veiled attempt to reargue the merits of his claim that his trial counsel was ineffective and to

---

[2] Petitioner's contends that because both his trial counsel and appellate counsel were employed by the Office of the State Public Defender, his appellate counsel should not have represented him with respect to his ineffective assistance of trial counsel claim pursuant to Wis. Admin. Code PD § 2.11(2) ("The state public defender shall assign to independent private counsel any case in which a staff attorney of the state public defender's office provided trial representation and it is arguable that the client was not afforded effective representation.")

2

additionally argue that his appellate counsel had a conflict of interest.[3]  Thus, his motion is not properly one under Rule 60, but is rather a second or successive habeas petition. As such, I lack jurisdiction and the motion must be denied.

Therefore,

**IT IS ORDERED** that petitioner's motion to amend is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for relief from judgment is **DENIED**.

Dated at Milwaukee, Wisconsin, this 26 day of September, 2006.

/s_____
LYNN ADELMAN
District Judge

---

[3] Petitioner's new appellate counsel claim does not fall within any exception to AEDPA's bar on second or successive petitions, as Wis. Admin. Code PD § 2.11(2) was enacted in 1978 and thus discoverable in 1997, and it does not relate to petitioner's innocence.  See 28 U.S.C. § 2244(b)(2)(B).

3