# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID B. SMITH,
        Petitioner,

v.                                  Case No. 97C0382

PHILLIP A. KINGSTON,
        Respondent.

## ORDER

On October 24, 2006, habeas petitioner David B. Smith filed a notice of appeal of my September 27, 2006, order dismissing his case. Petitioner seeks permission to appeal in forma pauperis from my dismissal of his Fed. R. Civ. P. 60(b) motion to re-open his 28 U.S.C. § 2254 action. He additionally requests a certificate of appealability.

## I. CERTIFICATE OF APPEALABILITY

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The certificate may issue only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a COA it must indicate on which specific issue or issues the petitioner has satisfied the "substantial

showing" requirement. See 28 U.S.C. § 2253(c)(3).

Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

I concluded that petitioner's allegations were not proper under Rule 60(b), but rather constituted a second or successive habeas petition. This is because the allegations did not actually speak to the integrity of his habeas proceedings, but were rather an attempt to reargue the merits of his claim that his trial counsel was ineffective and to additionally argue that his appellate counsel had a conflict of interest. Petitioner raises several arguments regarding his discovery of Wis. Admin. Code PD § 2.11(2). However, I concluded that petitioner's new appellate counsel claim did not fall within any exception to AEDPA's bar on second or successive petitions, as Wis. Admin. Code PD § 2.11(2) was enacted in 1978 and thus discoverable in 1997, and it does not relate to petitioner's innocence. See 28 U.S.C. § 2244(b)(2)(B). Petitioner raises no new arguments in support of his request for a certificate of appealability, and I do not believe that jurists of reason would find my conclusion debatable.

Thus, for the same reasons as set forth in my September 27, 2006, decision and

order and for the reasons set forth above, petitioner has not made a substantial showing of the denial of any constitutional right. I do not believe jurists of reason would differ as to any of the issues he presented in this case, and I do not believe these issues should proceed further.

## II. IN FORMA PAUPERIS REQUEST

In order to obtain IFP status petitioner must be unable to pay the required fees, 28 U.S.C. §1915(a)(1), and I must determine that the appeal is taken in good faith, 28 U.S.C. §1915(a)(3). An appeal is not taken in good faith if the claim is objectively frivolous and no reasonable person could suppose that the appeal has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). District courts must not "apply an inappropriately high standard when making good faith determinations," and denial of a COA does not necessarily warrant denial of IFP status. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998).

Here, although petitioner has moved to proceed in forma pauperis on appeal, he has not submitted an affidavit of indigence or otherwise indicated in his motion that he is unable to pay the appeal fees. Thus, while I cannot conclude that petitioner's claims are wholly frivolous, I must deny petitioner's request to proceed in forma pauperis.

## III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that petitioner's request for a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed on appeal in forma pauperis is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 3 of November, 2006.

/s_____
LYNN ADELMAN
District Judge