UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID B. SMITH,
        Petitioner,

v.                      Case No. 97C0382

PHILLIP A. KINGSTON,
        Respondent.

## ORDER

On October 24, 2006, habeas petitioner David B. Smith filed a notice of appeal of my September 27, 2006, order dismissing his case. On November 3, 2006, I denied petitioner's request for a certificate of appealability and additionally denied his request to proceed in forma pauperis, as petitioner failed to file an affidavit of indigency. Petitioner has now filed the appropriate documents and seeks permission to appeal in forma pauperis from my dismissal of his Fed. R. Civ. P. 60(b) motion to re-open his 28 U.S.C. § 2254 action.

Petitioner requests in forma pauperis status so that he may avoid paying the appellate filing fee of $455. Petitioner was not in forma pauperis at the district court level because he paid the $5 filing fee in this court. The increase in price makes the current request understandable.

In order to obtain IFP status petitioner must be unable to pay the required fees, 28 U.S.C. §1915(a)(1), and I must determine that the appeal is taken in good faith, 28 U.S.C. §1915(a)(3). An appeal is not taken in good faith if the claim is objectively frivolous and no reasonable person could suppose that the appeal has any merit. Lee v. Clinton, 209

F.3d 1025, 1026 (7th Cir. 2000). District courts must not "apply an inappropriately high standard when making good faith determinations," and denial of a COA does not necessarily warrant denial of IFP status. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). Here, petitioner has met this reduced burden of showing good faith. As such, it is necessary to examine his request to proceed in forma pauperis under the requirements outlined in 28 U.S.C. § 1915 and Fed. R.App. P. 24.

Petitioner has submitted the information required under 28 U.S.C. § 1915 and Fed. R.App. P. 24, including an affidavit indicating his financial assets, the nature of his appeal, and an official statement of his institutional account for the last six months. His affidavit indicates that he has an average monthly balance of $475.90 in his institutional account. Given petitioner's prison account balance, I am satisfied that he could pay at least a portion of the $455.00 appellate fee. Thus, I will order petitioner to pay a reduced amount of $95.00 as an appellate fee.

### III. CONCLUSION

For the foregoing reasons,

**IT IS FURTHER ORDERED** that petitioner's motion to proceed on appeal in forma pauperis is **GRANTED IN PART**. Petitioner is ordered to pay a reduced fee of $95.00 as his appellate fee.

Dated at Milwaukee, Wisconsin, this 31 of December, 2006.

/s_____
LYNN ADELMAN
District Judge